IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARCHELLO MOORE, ) <br> ) <br> Defendant. ) | Case No. 2:23-cr-20014-JPM-1 |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DENYING DEFENDANT'S MOTION TO SUPPRESS**

This cause is before the Court on Defendant Marchello Moore's Motion to Suppress, filed on March 24, 2023. (ECF No. 24.) Also before the Court is Defendant's Supplemental Motion to Suppress, filed on May 3, 2023. (ECF No. 48.) The Motion to Suppress (ECF No. 24) was referred to the Magistrate Judge on March 24, 2023. (ECF No. 25.) The Supplemental Motion to Suppress (ECF No. 48) was referred to the Magistrate Judge on May 4, 2023. (ECF No. 49.) The United States of America (the "Government") filed a Response in Opposition to Defendant's Motion to Suppress on April 5, 2023. (ECF No. 32.) The Government filed a Response in Opposition to Defendant's Supplemental Motion to Suppress on May 17, 2023. (ECF No. 50.)

Chief Magistrate Judge Tu M. Pham held a hearing on Defendant's Motion to Suppress and Supplemental Motion to Suppress on May 24, 2023. (ECF No. 56.) The Magistrate Judge issued a Report and Recommendation on June 30, 2023. (ECF No. 62.) The Magistrate Judge recommends that the Court deny Defendant's Motions. (ECF No. 62 at PageID 257.)

Defendant filed timely Objections to the findings of the Magistrate Judge on July 14, 2023. (ECF No. 65.)  The Government filed a Response to Defendant's Objections on July 26, 2023. (ECF No. 77.)

The Court **ADOPTS** the Report and Recommendation of the Magistrate Judge. Accordingly, Defendant's Motion to Suppress (ECF No. 24) and Supplemental Motion to Suppress (ECF No. 48) are both **DENIED**.

I.  **BACKGROUND**

Defendant offers no specific objection to the Report and Recommendation's findings of fact.  (See generally ECF No. 65.)  Upon de novo review of the Magistrate Judge's Report and Recommendation, the Magistrate Judge's Report and Recommendation is **ADOPTED** with respect to findings of fact.

In the summer of 2022, the Memphis Police Department ("MPD") investigated a "string of robberies" in which "[t]he suspect description . . . was generally the same." (ECF No. 60 at PageID 161.)  The robberies were committed by a suspect brandishing a similar firearm, and a black Chevrolet Impala ("Impala") was driven in several of the robberies.  (Id.)  The MPD applied for and received a GPS tracker warrant for the Impala.  (Id. at PageID 160.)

On September 16, 2022, the MPD tracked the Impala and observed it as it parked close to a Circle K convenience store located on Getwell Road.  (Id. at PageID 159–162.)  MPD Sergeant Walters watched a man who matched the description of the robbery suspect enter the Circle K for "a minute or two," exit the convenience store, and then "[break] into a run."  (Id. at PageID 163.)  Sergeant Walters spoke to the clerk in the Circle K, who explained that the suspect had "presented a handgun [and] demanded money from the clerk behind the register." (Id. at PageID 164.)

MPD Officer Duggar surveilled the Impala while the suspect was inside of the convenience store. (Id. at PageID 175–76.) Officer Duggar observed the suspect run down the street, enter the Impala, and drive away. (Id. at PageID 176.) Officer Duggar followed in an unmarked truck. (Id. at PageID 176–77.) Sergeant Walters informed Officer Duggar that the suspect had attempted to rob the Circle K, at which point Officer Duggar called for backup and MPD officers activated their blue lights. (Id. at PageID 177–78.) An approximately twenty-five minute chase ensued, after which an individual later identified as Marchello Moore exited the Impala and attempted to flee on foot. (Id. at PageID 179; 218.) Defendant was arrested, and a handgun was discovered about fifty feet from his place of arrest. (Id. at PageID 218.)

## II.   LEGAL STANDARD

### a. Standard of Review

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless").

"A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See id. at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

### III. ANALYSIS

*a. The MPD's Alleged Violation of their Pursuit Policies Does Not Warrant Suppression*

Defendant objects to the Magistrate Judge's finding that "the MPD did not violate its own written policy." (ECF No. 65 at PageID 269.) Defendant argues that "the uncontroverted testimony from the MPD witnesses was that no bodily injury or death transpired because of the perpetrator's conduct during the robberies." (Id.) Defendant further argues that "the unlawful seizure of [a] defendant . . . may be a basis to suppress evidence pursuant to the Fourth Amendment." (Id. at PageID 270.) This is a similar argument to the argument that Defendant made in his Motion to Suppress. (See generally ECF No. 24.) Defendant reasoned by analogy in his Motion to Suppress that, if evidence obtained by law enforcement officers in violation of their own policies in the context of an inventory search results in the suppression of that evidence, the Court should also suppress evidence that was obtained by law enforcement officers as a result of their failure to follow their own policies in the context of a police chase. (See generally ECF No. 24.) The Defendant now further argues that the MPD's violation of its policies in engaging in the car chase in the instant case was unreasonable, and "law enforcement's violation of its own policies is one factor to be considered in determining whether a pursuit is reasonable." (ECF No. 65 at PageID 270; see also State v. Cline, 526 P.3d 686 (Kan. App. 2023).)

4

The requirement that police officers adhere to "standard criteria" in the context of an inventory search does not reflect a formalistic requirement that law enforcement officers follow all official policies at all times or face suppression of evidence. Colorado v. Bertine, 479 U.S. 367 (1987). Police officers must follow standard criteria when conducting inventory searches because "an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence." Florida v. Wells, 495 U.S. 1, 4 (1990). There is no concern that law enforcement pursuit of a suspect can become a "pretext for broad searches" of that suspect's belongings. Id. (Brennan, J., concurring). The policy concerns about pretext and the ease of violating established Fourth Amendment warrantless search requirements that animate the Supreme Court's inventory search jurisprudence do not extend to police chases. Defendant's case citation in support of his argument was analyzed under an excessive force framework, not a violation of police policy standing alone, and is inapplicable in the instant case. See Cline, 526 P.3d at 697.

Additionally, suppression would not be an appropriate remedy. Defendant argues that the exclusionary rule is applied "to discourage certain police behaviors" and that when law enforcement policies are violated "the appropriate remedy is suppression of improperly obtained evidence." (ECF No. 24 at PageID 56.) Suppression is not a blanket remedy for every violation of an individual's constitutional rights by law enforcement, let alone a blanket remedy for every violation of a law enforcement agency's internally formulated policies. See Hudson v. Michigan, 547 U.S. 586, 594 (2006) ("Since the interests that were violated in this case have nothing to do with the seizure of the evidence, the exclusionary rule is inapplicable").

Upon de novo review, the Magistrate Judge's Report and Recommendation is **ADOPTED** with respect to suppression. The Court finds that a violation of the MPD's pursuit policies would not result in the suppression of evidence.

### b. *The MPD did not Violate its Pursuit Policy*

Defendant also objects to the Magistrate Judge's finding that MPD did not violate its written policy in pursuing Defendant in a car chase. Defendant argues that "the uncontroverted testimony from the MPD witnesses was that no bodily injury or death transpired because of the perpetrator's conduct during the robberies." (ECF No. 65 at PageID 269.)

The MPD's pursuit policy is as follows: "Vehicle pursuits are authorized only when an officer has probable cause to believe that one or more occupants of a fleeing vehicle have committed a Violent Felony." (ECF No. 24-1 at PageID 61.) A "Violent Felony" is defined by the policy as "[a]n offense that involves serious bodily injury, death to a victim or bystander, threats reasonably calculated to produce such results, or sexual contact or sexual penetration." (Id. at PageID 60.)

Law enforcement officers saw a man who matched the description of the robbery suspect enter a convenience store. (ECF No. 60 at PageID 163.) Law enforcement officers witnessed the same man exit the convenience store after one to two minutes. (Id.) The convenience store clerk told law enforcement that the man had just attempted to rob the convenience store using a handgun. (Id. at PageID 164.) Law enforcement proceeded to chase the car the man had entered, a black Impala they had been tracking in connection with a string of armed robberies. (Id. at PageID 175–76.) MPD officers therefore chased the Impala after receiving information that its owner had committed an armed robbery using a handgun. Brandishing a handgun during a robbery amounts to a "threat[] reasonably calculated to produce" "serious bodily injury [or]

6

death to a victim or bystander." (ECF No. 24-1 at PageID 60.) The MPD officers did not violate their pursuit policy.

Upon de novo review, the Magistrate Judge's Report and Recommendation is **ADOPTED** with respect to MPD's violation of its policies. The Court finds that MPD did not violate its policies.

### c. Defendant has Waived his Nexus Objection

Defendant argues that the Court should "rely on the reasoning outlined in the Supplementary Motion to Suppress" (ECF No. 48) as its objection to the sufficiency of nexus in the warrant for GPS tracking of the Impala. (ECF No. 65 at PageID 271.)

When a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." Howard, 932 F.2d at 509. "A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition." Bradley v. United States, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)).

Upon de novo review, the Magistrate Judge's Report and Recommendation is **ADOPTED** with respect to nexus. The Court finds that the MPD's affidavit in support of its request for GPS tracking of the Impala establish a sufficient nexus between the search and the evidence sought under the Fourth Amendment.

### d. Request for Franks Hearing

Defendant "asserts that a material fact was omitted from the warrant application," and therefore requests a hearing in accordance with Franks v. Delaware. (ECF No. 62 at PageID 225, see also Franks v. Delaware, 438 U.S. 154, 156 (1978).) Defendant did not object to the Magistrate Judge's finding that a Franks hearing is not warranted. (See generally ECF No. 65.)

7

Defendant also orally withdrew his request for a Franks hearing in a Status Conference held on July 21, 2023. (ECF No. 70.)

IV. **CONCLUSION**

The Court **ADOPTS** the Report and Recommendation of the Magistrate Judge. Accordingly, Defendant's Motion to Suppress (ECF No. 24) and Supplemental Motion to Suppress (ECF No. 48) are both **DENIED**.

**SO ORDERED**, this 27th day of July, 2023.

                                           s/ Jon P. McCalla
                                           JON P. McCALLA
                                           UNITED STATES DISTRICT JUDGE