IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:23-cr-20014-JPM-1 |
| v. | ) | |
| | ) | |
| MARCHELLO MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE ON EX PARTE COMMUNICATIONS**

Three letters addressed to Judge Jon P. McCalla concerning this matter were docketed by the Clerk of Court upon receipt. (ECF Nos. 61, 105, 163.) The most recent letter was received by the Clerk of Court and docketed on December 7, 2023. (ECF No. 163.) The letters are only addressed to Judge McCalla and the Clerk of Court, and notice does not seem to have been given to counsel for Defendant or the Government. Defendant is represented by Counsel, who have made non-*ex parte* filings on his behalf. (See, e.g., ECF No. 156.)

Pursuant to Local Rule 83.6, "neither counsel nor a party to a pending action shall have [ex parte] contact with a judge about a matter pending before the Judge, unless there is an emergency and with reasonable notice to all counsel and unrepresented parties, orally or in open Court." L.R. 83.6. The Code of Conduct for United States Judges provides that "a judge should not initiate, permit, or consider *ex parte* communications . . . concerning a pending or impending matter that are made outside the presence of the parties or their lawyers" unless "circumstances require [*ex parte* communications] . . . for scheduling, administrative, or emergency purposes,"

so long as those purposes do not "address substantive matters" and the judge "reasonably believe[s] that no party will gain a procedural, substantive, or tactical advantage as part of the ex parte communication." Canon 3(A)(4). The Sixth Circuit has emphasized the importance of avoiding *ex parte* communications. United States v. Carmichael, 232 F.3d 510, 517 (6th Cir. 2000); United States v. Barnwell, 477 F.3d 844, 853-54 (6th Cir. 2007).

Because these letters (with the exception of Docket Entry 104, which deals with an administrative matter and is addressed to the Clerk of the Court and not Judge McCalla) address substantive matters, they do not fall within the exception to Code of Conduct for United States Judges Canon 3(A)(4). As such, the Court cannot consider these communications.

**SO ORDERED**, this 11th day of December, 2023.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE